**VARCO–PRUDEN BUILDINGS, Plaintiff,**

v.

**BECKER & SONS CONSTRUCTION, INC., defendant and third party plaintiff, Appellant.**

**MARVIN GEORGE BUILDERS, INC., et al., Defendants,**

**Community State Bank of Princeton, Respondent,**

v.

**GEORGE & SONS CONSTRUCTION, INC., et al., Third Party Defendants,**

and

**Budget Electric, Inc., et al., Intervening Defendants.**

**Norwest Bank Camden, Respondent.**

**No. C2–84–1515.**

Court of Appeals of Minnesota.

Jan. 29, 1985.

Felix Mannella, Steven G. Thorson, Babcock, Locher, Neilson & Mannella, Anoka, for Becker & Sons Const.'

Mark W. Bay, Peterson, Engberg & Peterson, Minneapolis, for Community State Bank of Princeton.

William G. Clelland, Carson & Clelland, Minneapolis, for Norwest Bank Camden.

Heard, considered and decided by CRIPPEN, P.J., FORSBERG and RANDALL, JJ.

## SUMMARY OPINION

RANDALL, Judge.

### FACTS

Becker & Sons is the fee owner of property mortgaged to respondents. Howard L. Becker testified that Becker & Sons moved a construction trailer onto the property on September 12, 1983 and occupied the trailer until January 1984, when it moved into an office in the building it was constructing on the property. Becker also testified that the office in the building was Becker & Sons' principal office, although it also had an office in his home, that Becker & Sons occupied the office throughout the work day, four to seven days a week, and that Becker & Sons or its officers had never been served with the notice of the mortgage foreclosure sale.

Becker also testified that the majority of the 116,000 square feet in the building was used by a bus refurbishing company, which paid rent for the building. Becker & Sons occupied an office only 10' × 22', and there was no sign on the door indicating that it belonged to Becker & Sons. The sign on the building identified Becker & Sons only as the contractor, and did not indicate Becker & Sons had any office there. Becker admitted there were no business cards, phone book listings, or other published materials indicating it was the office of Becker & Sons. Becker was the only person to testify.

The trial court found that Becker & Sons was not a "person in possession of the mortgaged premises" and was therefore not entitled to notice under Minn.Stat. § 580.03.

## DECISION

The law on this question is settled. The only disagreement between the parties is on the facts and the interpretation of those facts; that is, was Becker & Sons' "occupancy" of the building sufficient to make it a "person in possession of the mortgaged premises?"

The trial court determined that the occupancy was sporadic and incidental; appellant contends it was sufficient to make Becker & Sons an owner in possession. The court, as factfinder, was entitled to make its own determination of credibility, and its findings may not be overturned unless they are clearly erroneous. *City of Minnetonka v. Carlson,* 298 N.W.2d 763 (Minn.1980). It was not "clearly erroneous" for the trial court here to conclude, from Becker's testimony, that Becker & Sons' occupancy was not sufficient to place it "in possession."

Affirmed.